UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ERLINDA ABIBAS ANIEL, an individual; FERMIN SOLIS ANIEL, an individual; MARC JASON ANIEL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE, LLC; EXECUTIVE TRUSTEE SERVICES, LLC., DBA ETS SERVICES, LLC; AND DOES 1 THROUGH 50,<br><br>Defendants. | Case No: C 12-04201 SBA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Docket 21 |

On August 9, 2012, Plaintiffs Erlinda Aniel, Fermin Aniel, and Marc Aniel (collectively "Plaintiffs") filed the instant action against Defendants GMAC Mortgage, LLC ("GMAC") and Executive Trustee Services, LLC ("ETS") (collectively "Defendants"), alleging nine claims for relief in connection with a foreclosure proceeding on their residence located at 75 Tobin Clark Drive, Hillsborough, CA 94010 (the "Property"). Compl., Dkt. 1. The parties are presently before the Court on Plaintiffs' motion for leave to file a motion for reconsideration of this Court's September 26, 2012 Order denying Plaintiffs' Ex Parte Application for Temporary Restraining Order and Order to Show Cause ("TRO Application"), which sought an order enjoining the Trustee's Sale of the Property. Dkt. 7.[1] Defendants oppose the motion. Dkt. 17. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES

---

[1] The Trustee's Sale was originally scheduled for August 27, 2012. Dkt. 7. It has subsequently been postponed several times. Defendants have informed the Court that the Trustee's Sale is currently scheduled for November 5, 2012.

Plaintiffs' motion for leave to file a motion for reconsideration. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

### A. Legal Standard

Under the Civil Local Rules, a party may not move for reconsideration without first obtaining leave of the Court. Civ. L.R. 7-9(a). A party moving for leave to file a motion for reconsideration must show: (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; or (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any . . . argument made by the applying party in support of . . . the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions." Civ. L.R. 7-9(c).

### B. Motion for Leave to File A Motion for Reconsideration

Plaintiffs request leave to file a motion for reconsideration of the Court's September 26, 2012 Order on the following grounds: (1) "Newly discovered evidence shows that DALT2007-OA5 is still claiming ownership of the loan today. As a result, . . . GMAC does not have any Beneficial Interest in the Deed of Trust"; (2) "There is no question of material fact that the Assignment of the Deed of Trust either (a) never occurred, or (b) if it occurred, it was a violation of the Pooling [and] Servicing Agreement. As a result, . . . GMAC does not have any Beneficial Interest in the Deed of Trust"; (3) "There is no question of material fact that the closing date of the DALT2007-OA5 trust was July 31,

2007"; (4) "There is no question that the Court misinterpreted California Civil Code Section 2934a(b) in its application to the Plaintiffs' request for a TRO"; and (5) "There is no question that the Court misinterpreted that a violation of California Civil Code Section 2923.5 permits the court to stop any attempt to foreclose the property."  Pls.' Mtn. at 3.  These arguments are addressed below.

### 1. Newly Discovered Evidence

Plaintiffs contend that leave to file a motion for reconsideration is appropriate because Deutsche ALT-A Securities, Inc., Mortgage Pass-Through Certificates Series 2007-OA5, ("DALT 2007-OA5") issued a Remittance Report I through its website on September 25, 2012.  Pls.' Mtn. at 3.  According to Plaintiffs, "[b]ased on this report, HBSC AS TRUSTEE FOR DALT2007-OA5 is purporting that Plaintiffs' loan is still under the trust, and that the trust claims ownership of the loan."  Id. at 4.  "While Plaintiffs are not 100% sure that the loan is still under the trust," they assert that "a serious question about GMAC's authority to foreclose the property as the Beneficiary has been newly discovered."  Id.

Plaintiffs contend that the "newly discovered" evidence shows that both HBSC as trustee for DALT2007-OA5 and GMAC by Assignment of the Deed of Trust are claiming ownership of Plaintiffs' loan, which establishes that Plaintiffs are likely to succeed on the merits and have presented serious questions going to the merits of their claim that "GMAC has no beneficial interest in the Deed of Trust."  Pls.' Mtn. at 4-5.  Plaintiffs also contend that this "newly discovered" evidence "further establishes" that GMAC does not have a beneficial interest in the deed of trust because the Assignment of the Deed of Trust to HBSC as trustee for DALT2007-OA5 and the subsequent Assignment of the Deed of Trust from HBSC as trustee for DALT2007-OA5 to GMAC "never took place" because the assignments were executed after the closing date of the trust.  Id. at 5.  According to Plaintiffs, the Court failed to consider a document attached to Plaintiffs' reply brief in support of their TRO Application, which "reported" that the closing date of the DALT2007-OA5 trust was July 31, 2007.  Id.  Based on this "newly discovered" evidence and the

1 material facts that were not discussed in the Court's September 26, 2012 Order, Plaintiffs
2 argue that they are likely to succeed on the merits of their claim that GMAC does not have
3 authority to initiate foreclosure.  Id.
4       The Court finds that Plaintiffs have failed to demonstrate that leave to file a motion
5 for reconsideration is warranted on the basis of newly discovered evidence.  Plaintiffs have
6 not shown that new material facts have emerged since the Court's September 26, 2012
7 Order.  Nor have Plaintiffs shown that a material difference in fact exists from that which
8 was presented to the Court before entry of the Court's September 26, 2012 Order.  Contrary
9 to Plaintiffs' contention, the "new evidence" they submitted does not establish that their
10 loan is "still under the trust," and that the "trust claims ownership of the loan."  Indeed,
11 Plaintiffs concede that they are "not 100% sure" the loan is still under the trust.  Further, as
12 pointed out by Defendants, Plaintiffs acknowledge that they cannot locate their loan
13 number in the document.  Moreover, even assuming for the sake of argument that Plaintiffs'
14 loan is "still under the trust," and that the "trust claims ownership of the loan," Plaintiffs
15 have not cited any authority supporting their contention that there is a "serious question
16 about GMAC's authority to foreclose the property."
17       Furthermore, Plaintiffs have failed to demonstrate that "in the exercise of reasonable
18 diligence" they were unable to obtain the information contained in the report prior to the
19 filing of their TRO Application.  In this regard, Plaintiffs argue that they did not know
20 about the report because access to this information is not commonly known to the general
21 public, access to the website from which the document was obtained required registration,
22 the loan number "purported" by HSBC as trustee for DALT2007-OA5 has never been
23 known to Plaintiffs and is completely different from any other loan number associated with
24 Plaintiffs' loan, and Plaintiffs assumed that HBSC as trustee for DALT2007-OA5 sold its
25 interest as the beneficiary of the deed of trust, along with the promissory note, on February
26 1, 2011 through an assignment of the deed.  Pls.' Mtn. at 3-4.
27       The Court finds that Plaintiffs have failed to demonstrate that the information in the
28 report could not have been discovered earlier through due diligence.  Plaintiffs do not

argue, let alone show, that the information contained in this document was unavailable at the time they filed their TRO Application. See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.' ").  Further, Plaintiffs have failed to adequately explain why they were only able to obtain the information after the Court's September 26, 2012 Order.

To the extent Plaintiffs argue that leave to file a motion for reconsideration is appropriate because the Court failed to consider evidence submitted with their reply brief, the Court rejects this argument.  As an initial matter, while Plaintiffs make this argument for the first time under the heading of newly discovered evidence,[2] the Court construes this argument as contending that leave to file a motion for reconsideration is appropriate because there was a manifest failure by the Court to consider material facts which were presented to the Court before the Court's September 26, 2012 Order.  See Civ. L.R. 7-9(b).

Preliminarily, the Court notes that new evidence presented for the first time in a reply brief is improper and need not be considered.  See Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1273 n. 3 (9th Cir. 1993); BoomerangIt, Inc. v. ID Armor, Inc., 2012 WL 2368466, *4 n. 1 (N.D. Cal. 2012).  In Plaintiffs' moving papers filed in support of their TRO Application, they asserted that their "primary contention" is that "Defendants are not the true creditors" as their "promissory note and Deed of Trust were never properly assigned to the DALT2007-OA5 Trust because the entities involved in the attempted transfer failed to adhere to the requirements set forth in the Trust Agreement and thus the note and Deed are not part of the trust res." Dkt. 7 at 10.  Plaintiffs argued that "Defendants lacked authority to collect payments, let alone foreclose because they do not own an interest in their Note and Deed and failed to properly assign the Deed of Trust to DALT2007-AO5 Trust, who subsequently assigned the Deed to GMAC. The Assignment to DALT2007-AO5 took

---

[2] The Court notes that Plaintiffs raise this argument several times in their brief.

place after the closing date under the terms of the PSA [Pooling and Servicing Agreement], which gives proper inference that the Assignment was likely fabricated." Id.

In their reply brief, Plaintiffs submitted for the first time a less than two-page document, which they claimed established that the DALT2007-OA5 Trust closed on July 31, 2007. Dkt. 19, Exh. A. Citing this document, Plaintiffs argued that "[w]hile it is possible that there was a violation of the PSA, . . . the Assignment of the Deed of Trust to HSBC never happened because the transfer took place after the cut off date" of the DALT2007-OA5 Trust. Id. at 4. According to Plaintiffs, Exhibit A to their reply brief demonstrates that GMAC is the wrong entity attempting to foreclose on the Property because "there is no possible way HSBC was assigned beneficial interest in the Deed of Trust after the cut off date of that trust." Id.

Because Plaintiffs improperly submitted this document for the first time in connection with their reply brief, the Court could have disregarded it in ruling on their TRO Application. However, because Defendants did not object to the submission of this document or request to file a sur-reply, the Court considered the document and found it insufficient to justify injunctive relief. In the Court's September 26, 2012 Order, the Court found that "Plaintiffs have failed to direct the Court to specific evidence in the record or cite controlling authority which sustains their burden to clearly show that enjoining the foreclosure sale is appropriate." Dkt. 20 at 4. Contrary to Plaintiffs' contention, Exhibit A to their reply brief does not show that GMAC is the wrong entity attempting to foreclose on the Property.

As the Court previously explained, without a copy of the "Trust Agreement," the Court cannot determine whether the requirements of the agreement have been violated. Dkt. 20 at 4. Moreover, the Court noted that Plaintiffs failed to cite any controlling authority demonstrating that injunctive relief is appropriate based on a violation of the Trust Agreement. Id. In fact, to the extent Plaintiffs contend that GMAC is the wrong entity foreclosing on the Property on the theory that Defendants allegedly failed to comply with the terms of a Pooling and Servicing Agreement (i.e., PSA), courts have rejected this

argument on the ground that they lack standing to do so because they are neither a party to, nor a third party beneficiary of, that agreement.  See Almutarreb v. Bank of New York Trust Co., N.A., 2012 WL 4371410, *2 (N.D. Cal. 2012) (finding that because Plaintiffs were not parties to the PSA, they lack standing to challenge whether the loan transfer occurred outside the temporal bounds prescribed by the PSA) (citing cases); see also Sami v. Wells Fargo Bank, 2012 WL 967051, at *5-6 (N.D. Cal. 2012) (rejecting claim "that Wells Fargo failed to transfer or assign the note or Deed of Trust to the Securitized Trust by the 'closing date,' and that therefore, 'under the PSA, any alleged assignment beyond the specified closing date' is void" because the plaintiff lacked standing) (citing In re Correia, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (holding that debtors, as neither parties to nor third party beneficiaries of a PSA, lack standing to challenge mortgage assignment based on non-compliance with agreement)).

### 2. Assignment of the Deed of Trust

Plaintiffs contend that "[t]here is no question of material fact that the Assignment of the Deed of Trust either (a) never occurred, or (b) if it occurred, it was a violation of the [PSA].  As a result, . . . GMAC does not have any Beneficial Interest in the Deed of Trust." Pls.' Mtn. at 7.  In support of this argument, Plaintiffs submit for the first time documents entitled "Pooling and Servicing Agreement" and "Mortgage Loan Purchase Agreement." See Pls.' Mtn. at 8-9, Exhs. B-C.  The Pooling and Servicing Agreement is dated July 1, 2007, and the Mortgage Loan Purchase Agreement is dated July 31, 2007.  Id., Exhs. B-C.

Plaintiffs, however, do not argue that leave to file a motion for reconsideration is appropriate based on these documents on any ground set forth in Civil Local Rule 7-9(b).  Specifically, they do not argue that the documents constitute new material facts that have emerged since the Court issued its September 26, 2012 Order.  Civ. L.R. 7-9(b).  Nor do they argue that "a material difference in fact" exists from that which was presented to the Court before entry of its September 26, 2012 Order, and that "in the exercise of reasonable diligence" they did not know of such facts at the time of the Order.  Id.  As such, the Court

1  finds that these documents do not constitute a proper basis to grant Plaintiffs leave to file a
2  motion for reconsideration.
3        Moreover, to the extent Plaintiffs argue that GMAC is the wrong entity foreclosing
4  on the Property on the theory that Defendants allegedly failed to comply with the terms of
5  these agreements, they have failed to demonstrate that they have standing to do so.
6  Plaintiffs do not argue, let alone show, that they are parties to, or third party beneficiaries
7  of, these agreements.  Thus, Plaintiffs have not demonstrated that they have standing to
8  challenge the assignment of the deed of trust based on non-compliance with the terms of
9  these documents.  See Ganesan v. GMAC Mortg., LLC, 2012 WL 4901440, at * 4 (N.D.
10 Cal. 2012) (citing cases); see also In re Correia, 452 B.R. at 324 (holding that debtors, as
11 neither parties to nor third party beneficiaries of a PSA, lack standing to challenge
12 mortgage assignment based on non-compliance with agreement).

### 3. California Civil Code § 2934a(b)

14       Plaintiffs contend that leave to file a motion for reconsideration is warranted because
15 "[t]here is no question that the Court misinterpreted California Civil Code Section 2934a(b)
16 in its application to the Plaintiffs' request for a TRO."  Pls.' Mtn. at 11.  The Court construes
17 this argument as contending that leave to file a motion for reconsideration is appropriate on
18 the ground that there was a "manifest failure by the Court to consider . . . dispositive legal
19 arguments."  See Civ. L.R. 7-9(b).  The Court rejects this argument.
20       While Plaintiffs correctly note that the Court's September 26, 2012 Order
21 inadvertently cited to § 2934a(c) rather than § 2934a(b), Dkt. 26 at 10,[3] this does not
22 demonstrate that leave to file a motion for reconsideration is appropriate.  Plaintiffs have
23 not shown that the Court failed to consider dispositive legal arguments.  See Civ. L.R. 7-
24 9(b).  Nor have Plaintiffs shown that the Court committed a "material" error of law as they
25 claim.  See Pls.' Mtn. at 13.
26       Section 2934a(b) provides:

---

[3] The Court has issued an amended Order addressing this issue.  Dkt. 25.

> If the substitution is executed, but not recorded, prior to or concurrently with the recording of the notice of default, the beneficiary or beneficiaries or their authorized agents shall cause notice of the substitution to be mailed prior to or concurrently with the recording thereof, in the manner provided in Section 2924b, to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b. An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision.

In support of their TRO Application, Plaintiffs argued that the requirements of § 2934a(b) apply to this case because the Substitution of Trustee was executed but not recorded prior to the recording of the Notice of Default. See Dkt. 19 at 7. The Court has considered and rejected this argument. In its September 26, 2012 Order, the Court concluded that Plaintiffs failed to demonstrate that Defendants violated § 2934a(b) based on the timing of the recording of the Substitution of Trustee and the Notice of Default. Dkt. 20 at 11. On October 30, 2012, the Court issued an amended Order explaining that Plaintiffs failed to demonstrate that Defendants violated § 2934a(b) because the undisputed evidence in the record demonstrates that the Substitution of Trustee was recorded "prior to or concurrently with" the recording of the Notice of Default. See Dkt. 25 at 10-11. In that Order, the Court noted that the Substitution of Trustee was recorded on April 27, 2012 as document no. 2012-05886**0**, while the Notice of Default was recorded on April 27, 2012 as document no. 2012-05886**1**, which suggests that the Substitution of Trustee was recorded prior to the Notice of Default. Id. at 11 (citing Compl., Exhs. H, I. (emphasis added)). The Court further noted that even if the Substitution of Trustee was not recorded prior to the Notice of Default, the language of the documents indicate that they were filed concurrently as they were both filed on April 27, 2012 at 10:33 a.m. Id.

### 4. California Civil Code § 2923.5

Plaintiffs contend that leave to file a motion for reconsideration is warranted because "[t]here is no question that the Court misinterpreted that a violation of California Civil Code Section 2923.5 permits the court to stop any attempt to foreclose the property." Pls.' Mtn. at 13. The Court interprets this argument as contending that the filing of a motion for reconsideration is appropriate because there was a "manifest failure by the Court to

1   consider material facts or dispositive legal arguments which were presented to the Court"
2   before the Court issued its September 26, 2012 Order.  See Civ. L.R. 7-9(b).  The Court
3   rejects this argument.  Plaintiffs have not shown that the Court failed to consider material
4   facts or dispositive legal arguments presented by Plaintiffs in connection with their TRO
5   Application.

6   According to Plaintiffs, the Court erred in denying their TRO Application because
7   they "presented a serious question as to whether Defendants complied with all of the 'due
8   diligence[]" requirements under Section 2923.5(g)."  Pls.' Mtn. at 14.  Plaintiffs assert that a
9   TRO is appropriate because the Court previously found that "a material factual dispute
10  exists regarding whether Defendants complied with the requirement to contact the borrower
11  by telephone at least three times at different hours and on different days."  Id.  Citing
12  Tamburri v. Suntrust Mortg., 2011 WL 2654093, at *3 (N.D. Cal. 2011) (Chen, J.),
13  Plaintiffs argue that the submission of Erlinda Aniel's declaration attesting that she never
14  received the telephone calls GMAC claims it made is sufficient to demonstrate a likelihood
15  of success on their § 2923.5 claim.  Id.  The Court disagrees.

16  Tamburri is distinguishable from the present circumstances.  In that case, the district
17  court held that the plaintiff had raised at least a serious question whether defendant violated
18  § 2923.5 where plaintiff submitted a declaration attesting that defendant never contacted
19  her prior to filing the notice of default and defendant responded by pointing to the § 2923.5
20  declaration[4] attached to the notice of default.  Tamburri, 2011 WL 2654093, at *3-4
21  (footnote added).  The district court stated that "[w]hile the declarations arguably are in
22  equipoise, the failure of [defendant] to provide anything beyond the declaration (which
23  simply tracks the language of the statute) is problematic[;]" noting that " 'the dearth of
24  evidence from defendant, in the face of plaintiff's clear statement to the contrary that

---

[4] "A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)."  Cal. Civ. Code § 2923.5(b).

defendants did not contact her to notify her in of her rights prior to the recording of the notice of default, speaks volumes.' " Id. at *4.

Here, unlike Tamburri, Defendants provided evidence beyond the § 2923.5 declaration attached to the Notice of Default, including written correspondence, demonstrating that Defendants complied with the due diligence requirements of § 2923.5(g). See Dkt. 20 at 7-9 (setting forth the evidence submitted by Defendants). In response, Plaintiffs submitted the declaration of Erlinda Aniel wherein she attests that she never received a telephone call from GMAC. Id. at 9. Based on the evidence submitted by the parties, the Court previously concluded that Plaintiffs had failed to sustain their burden to make a clear showing that they are likely to succeed on the merits of their claim that Defendants failed to comply with § 2923.5. Id. While there is a factual dispute as to whether GMAC complied with the requirement to contact Plaintiffs by telephone, Erlinda Aniel's declaration does not demonstrate that Plaintiffs are likely to succeed on the merits or raise serious questions going to the merits given the evidence submitted by Defendants.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for leave to file a motion for reconsideration is DENIED.

2. This Order terminates Docket 21.

IT IS SO ORDERED.

Dated: 11/2/12

                                            _____
                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge