UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ERLINDA ABIBAS ANIEL, an individual; FERMIN SOLIS ANIEL, an individual; MARC JASON ANIEL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE, LLC; EXECUTIVE TRUSTEE SERVICES, LLC., DBA ETS SERVICES, LLC; AND DOES 1 THROUGH 50,<br><br>Defendants. | Case No: C 12-04201 SBA<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Docket 28 |

On August 9, 2012, Plaintiffs Erlinda Aniel, Fermin Aniel, and Marc Aniel (collectively, "Plaintiffs") filed the instant action against Defendants GMAC Mortgage, LLC ("GMAC") and Executive Trustee Services, LLC ("ETS") (collectively, "Defendants"), alleging nine claims for relief in connection with a foreclosure proceeding on their residence located at 75 Tobin Clark Drive, Hillsborough, CA 94010 (the "Property"). Compl., Dkt. 1. The parties are presently before the Court on Plaintiffs' motion for preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. Dkt. 28. Defendants oppose the motion. Dkt. 29. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiffs' motion without prejudice, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

Plaintiffs move for an order enjoining "Defendants and their agents, employees, successors, attorneys and all persons in active concert and participation with [them] from commencing, continuing, maintaining or conducting . . . a Trustee's Sale of Plaintiffs' home or other foreclosure proceeding or any other proceeding of any kind, during the pendency of this action." Dkt. 28. In response, Defendants argue that Plaintiffs' motion should be denied because (1) there is no imminent threat of harm as Plaintiff Marc Aniel filed a bankruptcy petition which triggered an automatic stay that precludes foreclosure at this time, (2) Plaintiffs' motion is based on well-worn and roundly rejected theories regarding securitization, and (3) Plaintiffs' motion raises no new facts or legal theories from the previously unsuccessful application for temporary restraining order. Dkt. 29.

As an initial matter, the instant motion does not comply with the meet and confer requirement set forth in this Court's Standing Orders, which provides:

> All parties shall meet and confer before filing any motion before the Court. The motion and any other non-stipulated request shall include a certification, which may be included in the body of the document, that the parties have complied with the meet and confer requirement. The Court may disregard any papers submitted that do not comply with this rule.

See Civil Standing Orders ¶ 5.

The parties have failed to comply with this requirement, which is essential to the parties' representation that there is a dispute which requires the Court's resolution. Until such time as the parties have met and conferred to discuss the issues, it is premature to conclude that there exists a dispute necessitating the Court's intervention. The meet and confer requirement is essential to conserving the limited time and resources of the Court and the parties by obviating the filing of unnecessary motions. Had the parties met and conferred as required, they may have been able to resolve the issues presented in Plaintiffs' motion. For instance, the parties may have been able to reach an agreement whereby Defendants agree to postpone any trustee's sale until the Court has an opportunity to render a decision on the merits. "The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid

unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources."  See Wong v. Astrue, 2008 WL 4167507, at *2 (N.D. Cal. 2008) (Armstrong, J.).  Accordingly, because the parties did not meet and confer on the issues presented by the instant motion, Plaintiffs' motion for preliminary injunction is DENIED without prejudice.  It is incumbent upon litigants before this Court to familiarize themselves not only with the Local Rules, but also with this Court's Standing Orders.  There is simply no excuse for the parties' failure to comply with the meet and confer requirement set forth in this Court's Standing Orders.

In addition to failing to comply with the meet and confer requirement, Plaintiffs have not demonstrated that a preliminary injunction is warranted.  To obtain such relief, Plaintiffs must demonstrate: (1) a likelihood of success on the merits; (2) a risk of irreparable harm absent injunctive relief; (3) that the balance of equities tip in favor of injunctive relief; and (4) that injunctive relief is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).  Because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

Here, Plaintiffs have not shown that a trustee's sale of the Property is imminent.  In fact, it is undisputed that there is currently an automatic bankruptcy stay in effect preventing Defendants from foreclosing on the Property.  Thus, Plaintiffs have failed to carry their burden to demonstrate that a preliminary injunction is appropriate.  See Winter, 555 U.S. at 22 (A preliminary injunction will not be issued simply to prevent the possibility of some remote future injury.  Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with the notion that injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.).  Plaintiffs have not shown that in the absence of injunctive relief, they are likely to

suffer irreparable harm[1] before a decision on the merits can be rendered. See id. Accordingly, Plaintiffs' motion for preliminary injunction is DENIED without prejudice. In the event the bankruptcy stay is lifted, Plaintiffs may file a renewed motion for preliminary injunction.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for preliminary injunction is DENIED without prejudice.

2. The parties shall meet and confer in person or by telephone prior to filing any future motions. The parties shall meet and confer in good faith in an attempt to resolve or narrow the issues presented in such a motion. The parties shall certify in writing that they have done so, as required by this Court's Standing Orders.

3. This Order terminates Docket 28.

IT IS SO ORDERED.

Dated: 6/7/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] "The loss of one's home through foreclosure generally is considered sufficient to establish irreparable harm." Washington v. National City Mortg. Co., 2010 WL 5211506, at *5 (N.D. Cal. 2010) (Armstrong, J.)

- 4 -