UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ERLINDA ABIBA ANIEL, an individual; FERMIN SOLIS ANIEL, an individual; MARC JASON ANIEL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE, LLC; EXECUTIVE TRUSTEE SERVICES, LLC., DBA ETS SERVICES, LLC; AND DOES 1 THROUGH 50,<br><br>Defendants. | Case No:  C  12-04201 SBA<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Docket 41 |

Plaintiffs Erlinda Aniel, Fermin Aniel, and Marc Aniel (collectively, "Plaintiffs") bring the instant action against Defendants GMAC Mortgage, LLC and Executive Trustee Services, LLC, dba ETS Services, LLC (collectively, "Defendants"), alleging various claims for relief in connection with their mortgage loan and Defendants' attempt to foreclose on their real property located at 75 Tobin Clark Drive, Hillsborough, CA 94010. See Compl., Dkt. 1.  The parties are presently before the Court on Defendants' motion to stay pending completion of bankruptcy proceedings.  Dkt. 41.  Plaintiffs oppose the motion. Dkt. 44.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

On May 14, 2012, Defendants filed petitions for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy

Court"), thus triggering the automatic stay set forth in 11 U.S.C. § 362(a).[1] On July 13, 2012, the Bankruptcy Court issued an order ("Final Supplemental Order") modifying the terms of the automatic stay. See Final Supplemental Order, Dkt. 15.

In particular, the Final Supplemental Order allows for limited relief from the automatic stay for "a borrower, mortgagor, or lienholder (each, an 'Interested Party') . . . to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purpose of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State. . . ." Final Supplemental Order ¶ 14(a). The Final Supplemental Order provides that "absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims . . . (i) for monetary relief of any kind and of any nature against the Debtors, except where a monetary claim must be plead in order for an Interested Party to assert a claim to defend against or otherwise enjoin or preclude a foreclosure (each a 'Mandatory Monetary Claim'); (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction. . . ." Id. ¶ 14(b). Significantly, the Final Supplemental Order also provides that "any disputes regarding the extent, application, and/or effect of the automatic stay under this Order shall be heard and determined in the Debtors' jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 in accordance with the Case Management Order entered in the Debtors' cases." Id. ¶ 23.

## II.  DISCUSSION

Defendants move for an order staying the instant action pending completion of the bankruptcy proceedings. See Defs.' Mot. at 1, Dkt. 41. Defendants contend that a stay is warranted pursuant to the automatic stay set forth in § 362(a) and the terms of the Final Supplemental Order. Id.

---

[1] Section 362 prohibits, among other things, "the commencement or continuation . . . of a judicial . . . or other action or proceeding against the debtor." See 11 U.S.C. § 362(a).

"When a debtor files a bankruptcy petition, an automatic stay immediately arises." See Hilis Motors, Inc. v. Hawaii Auto. Dealers Ass'n, 997 F.2d 581, 585 (9th Cir. 1993); 11 U.S.C. § 362(a).  This stay is designed "to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate." Hilis Motors, Inc., 997 F.2d at 585 (italics in original).  The goal of this automatic stay is to "ensure that all claims against the debtor will be brought in a single forum, the bankruptcy court." Id.  Aside from the limited exceptions set forth in § 362(b), "[t]he stay of section 362 is extremely broad in scope and . . . should apply to almost any type of formal or informal action against the debtor or property of the estate." In re Miller, 397 F.3d 726, 730-731 (9th Cir. 2005). While the automatic stay is broad in scope, "section 362(d) 'gives the bankruptcy court wide latitude in crafting relief from the automatic stay." In re Nat'l Envtl. Waste Corp., 129 F.3d 1052, 1054 (9th Cir. 1997).  Specifically, the bankruptcy court may, "grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay." 11 U.S.C. § 362(d).

Here, Plaintiffs do not dispute that the automatic stay set forth in § 362(a) applies to the instant action.  Instead, they contend that Defendants' motion to stay should be denied because they have a right under the Final Supplemental Order to "continue to prosecute [their] claims relating to defending, unwinding, or enjoining a foreclosure. . . ." Pls.' Opp. at 3, Dkt. 44.  Defendants disagree, arguing that Plaintiffs are prohibited from prosecuting any of their claims because "each claim, if successful, would result in either monetary damages or pecuniary loss to Defendants." Defs.' Mot. at 1.  Defendants further argue that "if Plaintiffs wish to dispute the extent of the automatic stay under the Final Supplemental Order they must have their dispute heard in the Bankruptcy Court, not here." Id.

The Court finds that Defendants' filing of Chapter 11 Bankruptcy petitions triggered the automatic stay set forth in § 362(a).  As such, the remaining issue is whether the Final Supplemental Order, which modifies the terms of the automatic stay, allows Plaintiffs to prosecute any of their claims.  The Court finds that this issue must be resolved by the

Bankruptcy Court. The plain language of the Final Supplemental Order provides that the Bankruptcy Court "shall" resolve "any disputes regarding the extent, application, and/or effect of the automatic stay. . . ." Final Supplemental Order ¶ 23. Plaintiffs offer no authority or legal analysis demonstrating that it is proper for the Court to resolve the parties' dispute regarding the scope of the automatic stay. Accordingly, because this action is subject to the automatic stay set forth in § 362(a), Defendants' motion to stay is GRANTED. To the extent Plaintiffs wish to prosecute any of their claims while the bankruptcy proceedings are pending, Plaintiffs must raise this issue with the Bankruptcy Court.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.  Defendants' motion to stay is GRANTED. This action is STAYED pending completion of the bankruptcy proceedings.

2.  The Clerk shall ADMINISTRATIVELY CLOSE the file. In the event the Bankruptcy Court determines that Plaintiffs may prosecute any of their claims during the pendency of the bankruptcy proceedings, Plaintiffs may file a motion to reopen the case.

3.  The parties are instructed to submit status reports to the Court every six (6) months, apprising the Court of the status of the bankruptcy proceedings.

4.  Upon completion of the bankruptcy proceedings, the parties shall jointly submit to the Court, within two (2) weeks, a letter requesting that a case management conference be scheduled.

5.  This Order terminates Docket 41.

IT IS SO ORDERED

Dated: 6/12/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge